| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER |
|---|---|
| **PLAINTIFFS**<br>**JoJo's 10 Restaurant, LLC** | **DEFENDANTS**<br>**Devin Properties, LLC, Howard J. Lazerowich, Advantage Capital Funds, LLC, UMA Dinora, LLC, Rewards Network Establishment Services, Inc. and GRP Funding, LLC** |
| ATTORNEY (Firm Name, Address, and Telephone No.)<br>**David M. Nickless, Esq.**<br>**Nickless, Phillips & O'Connor**<br>**625 Main Street**<br>**Fitchburg, MA 01420** | ATTORNEY (Firm Name, Address, and Telephone No.)<br>**Brent J. Bass, Esq.**<br>**The Law Offices of Brent J. Bass, PC**<br>**316 Central Street**<br>**Suite 2**<br>**Saugus, MA 01906**<br>*bbass@thebasslawoffice.com*<br>*Counsel to Devin Properties, LLC* |
| PARTY (Check One Box Only)<br>**X Debtor**      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>**X Creditor**      ☐ Other<br>☐ Trustee |

CAUSE OF ACTION: (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Declaratory Judgment; 11 USC §551**

## NATURE OF SUIT
(Number of up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11- Recovery of money/property - § 542 turnover of property
☐ 12- Recovery of money/property - § 547 preference
☐ 13- Recovery of money/property - § 548 fraudulent transfer
☐ 14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/ revocation of discharge § 727 (c),(d),(e)

**FRBP 7001 (5) Revocation of Confirmation**
☐ 51 – Revocation of Confirmation

**RFBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1), (14), (14a) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63- Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce of separation obligation (other than domestic support)
☐ 65 – Dischargeability - other

**FRBP 7001 (7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 – Subordination of claim or interest

**FRBP 7001 (9) Declaratory Judgment**
**X 91 – Declaratory Judgment**

**FRBP 7001(10) Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et. seq.*
☐ 02 – Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**JoJo's 10 Restaurant, LLC** | BANKRUPTCY CASE NUMBER<br>**10-41983-MSH** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**WORCESTER** | DIVISIONAL OFFICE<br>**CENTRAL** | NAME OF JUDGE<br>**Melvin S. Hoffman** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>**/s/ David M. Nickless** | | |
| DATE:<br>**May 25, 2010** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**David M. Nickless** | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re<br>JoJo's 10 Restaurant, LLC<br>    Debtor(s) | Chapter 11<br>No. 10-41983-MSH |
| JoJo's 10 Restaurant, LLC<br>    Plaintiff | |
| v. | Adv. Pro.<br>No. 10- |
| Devin Properties, LLC, Howard J. Lazerowich,<br>Advantage Capital Funds, LLC, UMA Dinora, LLC,<br>Rewards Network Establishment Services, Inc., and<br>GRP Funding, LLC<br>    Defendants | |

COMPLAINT

1. This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. Section 157(b)(1) and (2) and Section 1334. Venue is proper in this Court pursuant to 28 U.S.C Section 1409(a).

2. Jo Jo's 10 Restaurant, LLC (hereinafter the "Debtor") is the Debtor and Debtor-in-Possession in the above Chapter 11 Bankruptcy case, having filed a petition under Chapter 11 of the Bankruptcy Code on April 22, 2010.

3. Devin Properties, LLC (hereinafter "Devin") is a Massachusetts Limited Liability Company with a principal place of business at 86 Powder Mill Rd., Maynard, MA 01754.

4. Howard J. Lazerowich (hereinafter "Lazerowich") is an individual with a last and usual address of 1 Wingate Circle, Stratham, NH 03885.

5. Advantage Capital Funds, LLC (hereinafter "Advantage") is a Limited Liability Company with a principal place of business of 5900 Sepulveda Blvd, Suite 515, Van Nuys, CA 91411. According to the Secretary of State's web site Advantage has not registered to conduct business in the Commonwealth of Massachusetts.

6. UMA Dinora, LLC (hereinafter "UMA") is a Massachusetts Limited Liability Company with a principal place of business at 71 Sears Road, Southborough, MA 01772.

7. Rewards Network Establishment Services, Inc. (hereinafter "Rewards") is a Delaware corporation with a principal office address of 2 North Riverside Plaza, Suite 950, Chicago, IL 60606.

8. GRP Funding, LLC (hereinafter "GRP") is a Delaware Limited Liability Company with a principal place of business at 1350 Main Street, Springfield, MA 01103.

9. Unless otherwise stated, Devin, Lazerowich, Advantage, UMA, Rewards, and GRP shall be collectively referred to as the Defendants. .

10. In May 2009 the Debtor executed a Promissory Note to Devin in the amount of $225,000. That same day, the Debtor entered into a Lease with Devin for the premises located as 86 Powder Mill Road, Maynard, Massachusetts. Although Devin filed a UCC-1 Financing Statement on May 19, 2009, the Debtor never executed a security agreement with Devin or provided Devin with a security interest in its assets.

11. On May 15, 2009 the Debtor executed a Promissory Note to Lazerowich in the amount of $125,000 due and payable in 90 days. The Note further provided that interest of $25,000 would accrue on the Note during its term, which amounted to an effective annual interest rate of approximately 80%. The Debtor is aware of no statement filed by Lazerowich with the

2

Attorney General's office notifying the Attorney General that he intended to lend funds at an interest rate in excess of 20% per annum.

12. Simultaneously therewith the Debtor and Lazerowich executed a Security Agreement, and on May 26, 2009 Lazerowich filed a UCC-1 Financing Statement covering substantially all of the Debtor's assets to secure claims asserted as owed.

13. On November 12, 2009 the Debtor and Lazerowich executed an Allonge to the Note providing among other things that as of October 15, 2009 the balance on the Note, including interest and late fees, would be $158,000. Although all three members of the Debtor executed both the Note and the Allonge there was no official vote or minutes of any meeting evidencing any vote to borrow money from Lazerowich.

14. On August 24, 2009 the Debtor obtained funds from Advantage. Advantage filed a UCC-1 Financing Statement covering substantially all of the Debtor's assets to secure the funds advanced. The Debtor believes that Advantage has been paid in full.

15. On October 15, 2009 the Debtor executed a Term Note to UMA in the amount of $100,000. On October 21, 2009, UMA filed a UCC-1 Financing Statement covering substantially all of the Debtor's assets to secure claims asserted it was owed.

16. On January 6, 2010 the Debtor executed a second Term Note in the amount of $25,000. Each of the first Note and the second Note carried interest rates of 24% per annum. The Debtor is unaware of any statement filed by UMA with the Attorney General's office notifying the Attorney General that it intended to lend funds at an interest rate in excess of 20% per annum The Debtor does not recall entering into a security agreement with UMA.

17. On or about September 29, 2009 the Debtor and Rewards executed a Dining Credits Program Agreement and a Security Agreement pursuant to which Rewards agreed to provide the

3

Debtor $20,000 in return for $38,000 of "dining credits". On November 2, 2009, Rewards filed a UCC-1 Financing Statement covering the Debtor's interests in the accounts sold by the Debtor. On November 9, 2009, Rewards filed a second UCC-1 Financing Statement covering all or substantially all of the Debtor's assets, including the Debtor's liquor license. The Debtor is aware of no attempt by Rewards to obtain approval of the town of Maynard or approval of the Alcoholic Beverages Control Commission for a pledge of the Debtor's interest in the liquor license.

18. On February 3, 2010, GRP and the Debtor executed a loan agreement pursuant to which GRP advanced to the Debtor the sum of $139,000. GRP filed a UCC-1 Financing Statement covering substantially all of the Debtor's assets, including credit card receivables, to secure claims asserted as owed totaling approximately $139,900.00.

19. On the date of the bankruptcy petition the Debtor had less than $5,000 in outstanding credit card receivables. Subsequent to the filing of the bankruptcy petition GRP offset a portion of the balance due it against incoming credit card payments an as yet undetermined sum of money.

## COUNT I
## DECLARATORY JUDGMENT

20. The Debtor repeats each and every allegation set forth in paragraphs 1-19.

21. A controversy exists concerning the perfection, validity, and amount of the various liens held by each of Devin, Lazerowich, Advantage, UMA, Rewards, and GRP.

WHEREFORE, JoJo's 10 Restaurant, LLC prays that:

1. This court enter an order determining the extent and validity of the security interest held by each of Devin Properties, LLC, Howard J. Lazerowich, Advantage Capital Funds, LLC, UMA Dinora, LLC, Rewards Network Establishment Services, Inc., and GRP Funding, LLC.

4

2. This court enter an order avoiding the security interest held by each of Devin Properties, LLC, Howard J. Lazerowich, Advantage Capital Funds, LLC, UMA Dinora, LLC, Rewards Network Establishment Services, Inc., and GRP Funding, LLC. to the extent that the security interest is not properly perfected.

3. This court enter an order determining the amount, if any, owed to each of Devin Properties, LLC, Howard J. Lazerowich, Advantage Capital Funds, LLC, UMA Dinora, LLC, Rewards Network Establishment Services, Inc., and GRP Funding, LLC.

4. It be granted such other relief as the Court deems just.

### COUNT II
### 11 USC § 544-AVOIDANCE OF LIENS

22. The Debtor repeats each and every allegation set forth in paragraphs 1-21.

23. Section 544 of the Bankruptcy Code provides that a trustee shall have the right and power, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, to avoid any transfer of property of a debtor of any obligation incurred by the debtor that is avoidable by judicial lien creditor.

24. The Debtor transferred to each of Devin, Lazerowich, Advantage, UMA, Rewards, and GRP property when they recorded UCC Financing Statements with the Massachusetts Secretary of State.

25. To the extent that the liens of each of Devin, Lazerowich, Advantage, UMA, Rewards, and GRP were not properly perfected they are avoidable pursuant to Section 544 of the Bankruptcy Code.

WHEREFORE, JoJo's 10 Restaurant, LLC prays that this court void the liens of each of Devin Properties, LLC, Howard J. Lazerowich, Advantage Capital Funds, LLC, UMA Dinora, LLC,

5

Rewards Network Establishment Services, Inc., and GRP Funding, LLC. to the extent that the lien held by the creditor is not properly perfected and it be granted its costs of this action.

## COUNT III
## SECTION 551-PRESERVATION OF SECURED POSITION

26. The Debtor repeats each and every allegation set forth in paragraphs 1-25.

27. Section 551 of the Bankruptcy Code provides that any lien that is avoided is preserved for the benefit of the bankruptcy estate.

28. To the extent that any of the liens held by Devin, Lazerowich, Advantage, UMA, Rewards, and GRP is voided the Debtor is entitled to preservation of the voided lien for the benefit of the bankruptcy estate.

WHEREFORE, JoJo's 10 Restaurant, LLC prays that, to the extent the lien of any creditor is avoided, this court preserve for the benefit of the unsecured creditors each lien position held by Devin Properties, LLC, Howard J. Lazerowich, Advantage Capital Funds, LLC, UMA Dinora, LLC, Rewards Network Establishment Services, Inc., and GRP Funding, LLC and it be granted its costs of this action.

                                                Jo Jo's 10 Restaurant, LLC
                                                By its attorney,

                                                /s/ David M. Nickless_____
                                                David M. Nickless, Esq. (BBO No. 371920)
                                                Nickless, Phillips and O'Connor
                                                625 Main Street
                                                Fitchburg, MA  01420
                                                (978) 342-4590
                                                dnickless.nandp@verizon.net